UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON STEVEN MARTINEZ,<br>    Petitioner,<br>  v.<br>F. JACQUEZ, warden,<br>    Respondent.                   / | No. C 09-6051 MHP (pr)<br><br>**ORDER TO SHOW CAUSE** |

### INTRODUCTION

Leon Steven Martinez, currently incarcerated at Pelican Bay State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

### BACKGROUND

According to the habeas petition, Martinez was convicted in Santa Clara County Superior Court of attempted murder and discharging a firearm from a vehicle, and was found to have committed the crimes for the benefit of a criminal street gang. On July 2, 2007, Martinez was sentenced to 15 years to life consecutive to a term of 20 years in prison.

Martinez appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2008. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) the trial court's exclusion of expert testimony regarding eyewitness identification deprived Martinez of his Sixth and Fourteenth Amendment rights to present a defense; (2) the trial court's denial of a pretrial line-up violated Martinez's Fourteenth Amendment right to due process; (3) Martinez's right to due process was violated by the proof of the gang enhancement allegation with expert opinion based only on written documents authored by others and vaguely-referenced conversations; (4) Martinez's right to due process was violated by the incidents of prosecutorial misconduct described in the petition; and (5) his trial counsel provided ineffective assistance of counsel in failing to object to the prosecutorial misconduct. Liberally construed, the allegations are cognizable in a federal habeas action and warrant a response.

**CONCLUSION**

For the foregoing reasons,

1.  The petition states cognizable claims for habeas relief and warrants a response.

2.  The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3.  Respondent must file and serve upon petitioner, on or before **July 2, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

1  showing cause why a writ of habeas corpus should not be issued.  Respondent must file with
2  the answer a copy of all portions of the state court record that have been previously
3  transcribed and that are relevant to a determination of the issues presented by the petition.
4      4.   If petitioner wishes to respond to the answer, he must do so by filing a traverse
5  with the court and serving it on respondent on or before **August 13, 2010**.
6      5.   Petitioner is responsible for prosecuting this case.  He must keep the court
7  informed of any change of address and must comply with the court's orders in a timely
8  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
9  pursuant to Federal Rule of Civil Procedure 41(b).
10     6.   Petitioner's in forma pauperis application is GRANTED.  (Docket # 2.)
11     7.   The text in the petition is extremely condensed (i.e., about 60 lines per page),
12  which makes it unnecessarily difficult to read.  Any document petitioner files must contain
13  no more than 28 lines of text per page (whether typed or handwritten).  Also, the text may
14  appear on only one side of the paper on all future filings.
15     IT IS SO ORDERED.
16  DATED:  April 23, 2010
                                    Marilyn Hall Patel
17                                  United States District Judge